IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00021-NRN

VAUGHN FEJERANG,

Plaintiff,

v.

JENNIFER ARMSTRONG,

Defendant.

---

**RECOMMENDATION OF DISMISSAL FAILURE TO SERVE DEFENDANT AND ORDER REASSIGNED CASE**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This case is before the Court sua sponte on review of the docket.

### BACKGROUND

Proceeding pro se, Plaintiff Vaughn Fejerang filed a Prisoner Complaint on January 4, 2024. ECF No. 1. Mr. Fejerang alleges that he was denied appropriate medication while being held as a pretrial detainee at the El Paso Criminal Justice Center ("CJC"). Defendant Jennifer Armstrong is alleged to be a health services administrator at the CJC. The case was drawn to the undersigned on February 12, 2024.

A waiver of service was returned unexecuted because Defendant Armstrong is not an employee of the El Paso County Sheriff's Office. ECF No. 9. The Court held a hearing on April 30, 2024, at which Mr. Fejerang was given an additional 90 days to provide an address at which Defendant Armstrong can be served. ECF No. 11.

On June 10, 2024, Mr. Fejerang updated his address with the Court, indicating that he had moved to a Community Corrections Residential Facility, ECF No. 13, and filed a motion with the Court stating that he spoke with Defendant Armstrong and she informed him that her place of employment is still the CJC. ECF No. 14. The Court ordered the U.S. Marshals Service to attempt service at the CJC address. ECF No. 15. On June 17, 2024, the summons was returned unexecuted because Defendant Armstrong no longer worked at this address. ECF No. 18.

On June 25, 2024, the Court held a Status Conference and Mr. Fejerang was given an additional 60 days to effectuate service of process. ECF No. 19. He was unable to do so. On September 25, 2024, the Court held a further Status Conference and set a hard deadline of November 15, 2024 for service. ECF No. 20. Mr. Fejerang was warned that if service was not effectuated by then, it would recommend that the case be dismissed for failure to serve Defendant Armstrong. *Id.*

The November 26, 2024 deadline has passed. Without service on Defendant Armstrong, this case cannot proceed.

## LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

2

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Rule 4(m) and principles of due process require that Defendant Armstrong be properly served. Indeed, the Tenth Circuit has held specifically that a "failure to effect timely service under Rule 4(m) according to the magistrate judge's specific order . . . facially warrant[s] dismissal." *Fymbo v. City & Cnty. of Denver, Colo.*, 631 F. App'x 583,

3

586 (10th Cir. 2015). It is a fundamental part of bringing a lawsuit that the plaintiff needs to formally serve process on the defendants. *See Chester v. Green*, 120 F.3d 1091, 1091 (10th Cir. 1997) (A pro se plaintiff in in federal district court "assume[s] the responsibility for complying with the rules of civil procedure. The first requirement of those rules is to obtain service on the defendants so the court would have jurisdiction over them. In the absence of such jurisdiction, the court had no authority over the defendants."); *Edwards v. Potter*, 57 F. App'x 844, 845 (10th Cir. 2003) (affirming dismissal where pro se plaintiff failed to serve defendants within the extended deadline).

Mr. Ferajang filed this lawsuit almost eleven months ago. The Court has given him numerous extensions of time to effectuate service of process, but Mr. Ferajang has been unable to do so. As of the date of this Recommendation, Mr. Ferajang has not (a) served Defendant Armstrong, (b) indicated that he still plans to serve do so, nor (c) requested a further extension of time to serve her.

Mr. Ferajang was warned on three occasions that this case would be dismissed if he was unable to effectuate service. Accordingly, the Court must recommend dismissal of the action without prejudice.

## CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that the Prisoner Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the Defendant Armstrong and failure to comply with a court order requiring service by Novembre 15, 2024.

It is further **ORDERED** that the Clerk of Court shall reassign this case to a District Judge.

4

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated: November 26, 2024
Denver, Colorado

_N. Reid Neureiter_
N. Reid Neureiter
United States Magistrate Judge